IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER BUSBY,

                Plaintiff,                    3:13-cv-02101-PK

v.                                       FINDINGS AND
                                       RECOMMENDATION

MCCORMICK & SCHMICK
RESTAURANT CORPORATION,

                Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Christopher Busby brings this *pro se*[1] action against defendant McCormick &

Schmick Restaurant Corporation ("McCormick & Schmick"), alleging discrimination and failure

to register a trade name in violation of Oregon law.  For the reasons set forth below, this case

---

      [1] Busby was represented by counsel when he filed the complaint.  His counsel later
withdrew.  *See* Minute Order, #7 (granting Busby's counsel's motion to withdraw).

should be dismissed with prejudice for lack of prosecution.

## BACKGROUND

On October 24, 2013, Busby filed the instant complaint in the Circuit Court for the County of Multnomah. *See* Ex. 1, Notice of Removal, #1-1, at 3-7. Defendants removed the case to this court on November 26, 2013. *See* Notice of Removal, #1. On March 3, 2014, the court held a Rule 16 conference, during which time it set a discovery deadline of June 16, 2014. *See* Minutes of Proceedings, #9. That same date, the clerk of court mailed Busby the minutes of the proceedings along with a summary-judgment-advice notice. *See* Clerk's Notice of Mailing, #11. The mail was returned as undeliverable.

On June 10, 2014, McCormick & Schmick filed a motion to dismiss, requesting that the court dismiss Busby's complaint under Federal Rule of Civil Procedure 37(d) on the basis that Busby has twice failed to appear for his deposition.[2] *See* Motion to Dismiss, #13. Specifically, McCormick & Schmick states that Busby agreed to be deposed on May 30, 2014. Declaration of Carol J. Bernick, #14, ¶ 8. He failed to appear on that date but later called defense counsel and apologized "for not appearing, indicating he had slept through his alarm." *Id.* ¶ 9. Defense counsel offered to reschedule the deposition if Busby would pay the $110 fee the court reporter charged for appearing at the May 30, 2014 deposition. *Id.* ¶ 10. Busby agreed to pay the court reporter's fee and agreed to a new date of June 6, 2014. *Id.* Busby again failed to appear for his deposition on June 6, 2014. *Id.* ¶ 11. In the motion to dismiss, McCormick & Schmick argues that dismissal is appropriate under Rule 37 because Busby has demonstrated a willful disregard

---

[2] At Busby's request, McCormick & Schmick served him with the motion to dismiss via email. *See* Certificate of Service, #18, at 1; *see also* Ex. 2, Certificate of Service, #18-2, at 1.

of the rules and caused unnecessary delay.  On June 10, 2014, the court entered an order setting a deadline of June 27, 2014, for Busby's resistance to the motion to dismiss.  *See* Minute Order, #15.  The clerk of court mailed Busby a copy of the June 10, 2014 order, *see* Clerk's Notice of Mailing, #16, but it was returned as undeliverable on June 24, 2014.  On July 7, 2014, the clerk of court emailed Busby, notifying him that notices sent to his last known mailing address were being returned as undeliverable and reminding Busby that he must notify the court of any change of address.  As of the date of this findings and recommendation, Busby has neither notified the court of a new mailing address nor filed a resistance to the motion to dismiss.

On July 16, 2014, I entered an order directing Busby to show cause, within thirty days, as to why this case should not be dismissed for lack of prosecution.  *See* Order to Show Cause, #19. That same date, the clerk of court again emailed Busby, advising him that his mail was being returned as undeliverable.  The clerk of court also advised Busby via telephone that the court had entered an order to show cause.  The clerk of court mailed Busby a copy of the order to show cause to his last known mailing address, *see* Clerk's Notice of Mailing, #20, but it was returned as undeliverable on July 29, 2014.  As of the date of this findings and recommendation, Busby has not responded to the order to show cause.

## ANALYSIS

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.  When considering whether dismissal is appropriate, the district courts look at five

factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Citizens Utils. Co. v. Am. Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979) (discussing factors relevant to a district court's decision on a motion to dismiss for lack of prosecution). The district court may dismiss the case where either four of the factors favor dismissal or three of the factors strongly favor dismissal. *Hernandez*, 138 F.3d at 399. "Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth . . . factor." *Id.*

In this case, I find that factors one, two, three, and five weigh in favor of dismissal. Since filing his complaint in October 2013, Busby has done little to move this litigation forward. He has twice failed to appear for his deposition. The discovery deadline has now passed and Busby has not written the court requesting an extension of the deadline. Moreover, the court has been unable to send communications to Busby because he has failed to keep the court apprised of his current mailing address. The clerk of court has advised Busby several times that he needs to provide the court with his current mailing address, but Busby has failed to do so. Significantly, although Busby was made aware of my order to show cause via telephone, Busby did not respond. Thus, in light of the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to McCormick & Schmick, and the absence of less drastic sanctions, Busby's complaint should be dismissed with prejudice.

/ / /

**CONCLUSION**

Consistent with the foregoing, this case should be dismissed with prejudice for want of prosecution. McCormick & Schmick's motion to dismiss (#13) should be denied as moot and a final judgment should be prepared.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 18th day of August, 2014.

Honorable Paul Papak
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION